# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 2:13-cv-00018-MR-DLH

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND** |
|  | ) | **ORDER** |
|  | ) |  |
| 2012 GMC SAVANA VAN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on the Government's Motion for Interlocutory Sale and Expedited Decision [Doc. 35].

**I. PROCEDURAL AND FACTUAL BACKGROUND**

The Government instituted the current civil forfeiture action on April 22, 2013. [Doc. 1]. A warrant was issued for arrest *in rem* of the property listed in the Government's Complaint on April 24, 2013. [Doc. 3]. In connection with an ongoing criminal prosecution, the Government had previously seized the subject property on December 3, 2012 and December 5, 2012, pursuant to warrants issued by Magistrate Judge Dennis L. Howell on November 30, 2012 and December 4, 2012. [Doc. 2

at 2]. Among the property seized by the Government were five vehicles, as follows:

**2012 GMC Savana Van, VIN 1GDS7DC40C1145561**, which was seized on December 3, 2012, from Jackie Lee Rattler at 120 Elsie Rattler Road, Cherokee, Swain County, North Carolina, pursuant to a Warrant to Seize Property Subject to Forfeiture issued by Magistrate Judge Dennis L. Howell on November 30, 2012, W.D.N.C. Case No. 2:12mj17;

**2012 F350 DRW Super Duty Pick Up Truck, VIN 1FD8X3HT4CEC90700**, which was seized on December 3, 2012, from Jackie Lee Rattler at 120 Elsie Rattler Road, Cherokee, Swain County, North Carolina, pursuant to a Warrant to Seize Property Subject to Forfeiture issued by Magistrate Judge Dennis L. Howell on December 4, 2012, W.D.N.C. Case No. 2:12mj17;

**2012 Toyota Tacoma, VIN: 5TFLU4EN0CX032827**, which was seized on December 3, 2012, from Jackie Lee Rattler at 120 Elsie Rattler Road, Cherokee, Swain County, North Carolina, pursuant to a Warrant to Seize Property Subject to Forfeiture issued by Magistrate Judge Dennis L. Howell on December 4, 2012, W.D.N.C. Case No. 2:12mj17;

**2007 Harley Davidson FLHX Motorcycle, VIN 1HD1KB4137Y627931**, which was seized on December 3, 2012, from Jackie Lee Rattler at 120 Elsie Rattler Road, Cherokee, Swain County, North Carolina, pursuant to a Warrant to Seize Property Subject to Forfeiture issued by Magistrate Judge Dennis L. Howell on November 30, 2012, W.D.N.C. Case No. 2:12mj17;

**2001 Harley Davidson FLSTC Motorcycle, VIN 1HD1BJY111Y025282**, which was seized on December 5, 2012, from Jackie Lee Rattler at 120 Elsie Rattler Road, Cherokee, Swain County, North Carolina, pursuant to a Warrant to Seize Property Subject to Forfeiture issued by

Magistrate Judge Dennis L. Howell on December 4, 2012, W.D.N.C. Case No. 2:12mj17. [Docs. 1, 35].

Jackie Lee Rattler is the owner of the subject vehicles. [Docs. 1-1, 18]. Rattler, who is a claimant in the present action, is currently incarcerated awaiting sentencing for six counts of drug trafficking, in violation of 21 U.S.C. § 841, and one firearms count, in violation of 21 U.S.C. § 922(g)(3), in Criminal Case No. 2:13-cr-00012-MR-DLH-1.

The present civil action is currently scheduled for trial during the Court's September 8, 2014 trial term. On April 1, 2014, the Government filed the present Motion for Interlocutory Sale and Expedited Decision, seeking an expedited ruling authorizing the sale of the aforementioned vehicles at an upcoming auction on April 15, 2014. [Doc. 35]. The Government indicates in its motion that Claimant Jackie Lee Rattler does not consent to the motion. [Id.].

## II. ANALYSIS

Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides, in pertinent part, as follows:

> (b) Interlocutory Sale or Delivery.
>
> (i) Order to Sell. On motion by a party or a person having custody of the property,

> the court may order all or part of the property sold if:
>
> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
>
> (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
>
> (D) the court finds other good cause.

Rule G(7)(b), Supp. Rules. Rule G(7)(b) gives "considerable discretion" to the Court in deciding whether or not to allow an interlocutory sale. U.S. v. Approximately 81,454 Cans of Baby Formula, 560 F.3d 638, 641 (7th Cir. 2009). Thus, "the judge can range widely in deciding what factors to consider, and what weight to give them, in making his ruling." Id.

The Government argues that the vehicles are depreciating in value and that the Government has already incurred and continues to incur substantial expenses for the upkeep and storage of the vehicles. [Docs. 35 at 3, 36 at 2]. The Government, however, has provided no explanation for why it waited a year after the filing of its civil action and approximately

4

sixteen months after the vehicles were initially seized to file such a motion. Further, the Government offers no explanation as to why it waited until fourteen days before the auction to file its motion. The Government's lack of diligence is troubling, especially in light of the Claimant's apparent opposition to the proposed sale.

Finally, while the Government contends that an interlocutory sale will enable it to avoid additional storage costs and depreciation, the Court finds that any savings to the Government would be minimal, particularly in comparison to what has already been spent in the storage and upkeep of these vehicles and the fact that the trial of this matter is a mere five months away.

For the foregoing reasons, the Court in the exercise of its discretion will deny the Government's motion.

## **O R D E R**

**IT IS, THEREFORE ORDERED** that the Plaintiff's Motion for Interlocutory Sale and Expedited Decision [Doc. 35] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 4, 2014

Martin Reidinger
United States District Judge

5