# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:13 cv 18

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| 2012 GMC SAVANNAH VAN<br>VIN: 1GDS7DC40C1145561 | ) | |
| Defendant. | ) | |

Pending before the Court is the Government's Motion to Compel (#38). In the motion, the Government moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, that the Court issue an order directing the Claimant to respond to the Government's Second Request for Production of Documents and Third Request for Production of Documents. The claimant did not respond to the Motion to Compel. Upon a review of the Government's motion, the record, and the relevant legal authority, the Court grants the Motion to Compel (#38).

## I. Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears

1

reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed.R.Civ.P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit…have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag.J.).

**II.   Analysis**

The Government moves the Court to issue an order directing the Claimant to produce all documents responsive to the Second Request for Production of Documents (#39-1) and the Third Request for Production of Documents (#39-2) presented by the Government to the Claimant. In the Request for Production of Documents, the Government made requests that the Claimant produce copies of documents relating to bank accounts in the name of the Claimant, either individually or with any other person, copies of documents that were used to purchase eight vehicles, and other documents relating to the bank accounts, vehicles and credit card statements of the Claimant. The response by the Claimant

as to each request was: "The Defendant is not in possession, custody or control of any documents not in the possession of the Government." Such a response is not considered by this Court to be a full, complete and appropriate response by the Claimant. A similar response was addressed in <u>United States v. $7,400 in United States Currency</u>, 274 F.R.D. 646 (E.D. WI, 2011) where the District Court stated:

> With respect to the United States' motion to compel, Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for "production of any designated documents or electronically stored information…or, any designated tangible things…" Fed.R.Civ.P. 34(a). Under Rule 34, a party must produce all discoverable documents, electronically stored information or tangible things in response to a request that are in the responding party's "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). The scope of discoverable information under Rule 34(a) matches the scope of information that is discoverable under Rule 26(b). Rule 26 of the Federal Rules of Civil Procedure provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Nw. Mem'l Hosp. v. Ashcroft</u>, 362 F.3d 923, 930 (7th Cir. 2004) (quoting Fed.R.Civ.P. 26(b)(1).
>
> "Federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." <u>Walls v. Paulson</u>, 250 F.R.D. 48, 50 (D.D.C. 2008) (citing <u>In re Bankers Trust Co.</u> 61 F.3d 465, 469 (6th Cir. 1995); <u>Kifle v. Parks & History Ass'n</u>. No. Civ. A. 98-00048(CKK), 1998 WL 1109117, at *1 (D.D.C. Oct. 15, 1998)). A party is obligated to produce her account records when she has the legal right to those records even though the party does not have a copy of the records. See <u>Cohn v. Taco Bell Corp.</u>, No. 92 C 5852, 1994 WL 383983, at *4 (N.D. Ill. July 20, 1994); <u>Zervos v. S.S. Sam Houston</u>,

3

79 F.R.D. 593, 595-96 (S.D.N.Y. 1978).  See also, <u>Preservation Prods., LLC v. Nutraceutical Clinical Labs. Int'l</u>, 214 F.R.D. 494, 495 (N.D.Ill. 2003).

An examination of the Requests for Production (#39-1, #39-2) shows that the documents requested by the Government are documents which the Claimant has a legal right to obtain upon demand.  The documents requested consist of monthly statements of bank accounts held in the name of the Claimant or in which the Claimant has an interest, checks and drafts and financial records of the Claimant which can all be easily obtained by the Claimant from the appropriate financial institutions.  These are documents that, although perhaps not in the Claimant's possession, are in the control of the Claimant, and are within the Claimant's legal right to obtain upon demand.  They are all documents which the Claimant should have obtained and produced to the Government and are documents which are clearly relevant to the claim.  Upon the Court's review of the pleadings in this case and the relevant legal authority, the undersigned finds that the requested documents and information are relevant and the Claimant has failed to demonstrate any reason why discovery of these documents is not appropriate.

An examination of the file in this matter reveals that this is the second occasion upon which the Court has been required to address a Motion to Compel Discovery by the Government due to the Claimant's refusal to respond to either

interrogatories or request for production of documents (#26).

## ORDERED

**IT IS, THEREFORE, ORDERED** that the Motion to Compel (#38) is hereby **ALLOWED**. It is **ORDERED** that the Claimant shall produce all documents responsive to the Second Request for Production of Documents (39-1) and the Third Request for Production of Documents (39-2) on or before **June 19, 2014.** The failure to produce the information or documents by June 19, 2014 may result in the Court imposing sanctions against the Claimant, including recommending to the District Court that the Claimant's claim be dismissed with prejudice.

Signed: May 29, 2014

*[signature]*

Dennis L. Howell
United States Magistrate Judge